UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                    :

| | | |
|---|---|---|
| ARBONNE INTERNATIONAL, LLC, | : | Civil Action No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT FOR DAMAGES,** |
| v. | : | **INJUNCTIVE AND OTHER** |
| | : | **RELIEF FOR VIOLATIONS OF** |
| DAN MARCIANO, an individual doing business | : | **15 USC § 1114; 15 USC § 1125(a);** |
| as "healthydaze" on www.amazon.com, and | : | **15 USC § 1125(c); AND** |
| JOHN DOES 1-100, | : | **RELATED CLAIMS** |
| | : | |
| Defendants. | : | **DEMAND FOR JURY TRIAL** |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff Arbonne International, LLC ("Arbonne"), by and through its undersigned attorneys, as and for its complaint, alleges as follows:

### The Nature of This Case

1.      This is an action against defendant Dan Marciano ("Marciano"), an individual doing business as "healthydaze" f/k/a "Danmomb" on www.amazon.com ("Amazon"), and John Does 1-100 ("Does") (collectively, "Defendants") for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); common law trademark infringement; trademark infringement in violation of NY Art & Cult. Aff. L. § 33.09; unfair and deceptive business practices in violation of NY Gen. Bus. L. § 349; and tortious interference with contract and business relations. These claims arise out of Defendants' misappropriation of Arbonne's trademarks in connection with Defendants' unlawful and unauthorized sale of Arbonne products on the Internet.

## PARTIES

2.      Plaintiff Arbonne is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located in Irvine, California.

3.      Upon information and belief, Defendant Marciano is an individual who is a resident of Brooklyn, New York and who is doing business as "healthydaze" f/k/a "Danmomb" on Amazon.

4.      The true names, involvement and capacities, whether individual, corporate, associated or otherwise, of John Does 1-100 are unknown to Arbonne.  Therefore, Arbonne sues these defendants by a fictitious name.  Arbonne is informed and believes, and on that basis alleges, that each of the defendants sued herein is responsible in some manner for the events and occurrences referred to herein or otherwise interested in the outcome of this dispute.  When the true names, involvement and capacities of these parties are ascertained, Arbonne will seek leave to amend this complaint accordingly.

## JURISDICTION

5.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for Arbonne's claims that arise under federal law and are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c).  The Court has subject matter jurisdiction over Arbonne's remaining claims under 28 U.S.C. § 1367 because they are substantially related to Arbonne's federal claims such that they form part of the same case or controversy.

6.      The Court has personal jurisdiction over Marciano because he resides in New York and transacts business in New York and this action arises out of his conduct in New York.

## VENUE

7.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Marciano resides in this judicial district.  Alternatively, venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

### Arbonne & Its Trademarks

8.      Arbonne distributes personal care, skincare, and nutrition products that are sold exclusively through Arbonne Independent Consultants ("Independent Consultants").

9.      Arbonne devotes a significant amount of time, energy, and resources toward protecting the value of its brand, products, name, and reputation.  By distributing products exclusively through its Independent Consultants, Arbonne ensures that users of its products receive personal attention and recommendations about which Arbonne products will be best for them. Further, each genuine Arbonne product is shipped directly by Arbonne and handled with the utmost care and precision during the packaging and transport process, so that customers receive fresh products in the best condition.  In the highly competitive beauty market, quality and freshness are fundamental to the consumer's decision to purchase a product.

10.      Arbonne has registered numerous trademarks with the United States Patent and Trademark Office with respect to its brand and products, including, but not limited to: ARBONNE® (U.S. Trademark Registration Nos. 4,491,258, 3,218,119, 3,159,918, and 1,770,981); ARBONNE INTERNATIONAL® (U.S. Trademark Registration No. 3,159,813); ARBONNE INTELLIGENCE® (U.S. Trademark Registration Nos. 4,629,529 and 3,514,987); ARBONNE ESSENTIALS® (U.S. Trademark Registration Nos. 4,136,385, 4,143,617, 4,143,616, 4,147,378,

4,147,377, and 4,136,347); RE9® (U.S. Trademark Registration Nos. 2,982,066 and 3,679,754), and RE9 ADVANCED® (U.S. Trademark Registration Nos. 3,887,045 and 3,887,044) (collectively, the "Arbonne Registered Trademarks").

11.     The registration for each of the Arbonne Registered Trademarks is valid, subsisting and in full force and effect.  Further, pursuant to 15 U.S.C. § 1065, the Arbonne Registered Trademarks serve as conclusive evidence of  Arbonne's ownership of the marks and of its exclusive rights to use the marks in commerce and in connection with the sale and distribution of Arbonne's products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

12.     Arbonne actively uses and markets all of the Arbonne Registered Trademarks in commerce.

13.     Due to the quality and exclusive distribution of Arbonne's products, and because Arbonne is recognized as the source of high quality products, the Arbonne Registered Trademarks have significant value.

**Arbonne Exercises Strict Quality Controls Over The Production And Distribution Of Its Products And Provides Customer Service Benefits For Genuine Products**

14.     Arbonne exercises strict quality controls over the production and distribution of its products.  Arbonne's ability to implement these quality controls is essential to the integrity and safety of its products, as well as the value of its trademarks and other intellectual property.

15.     Arbonne maintains the quality controls over its products by selling its products exclusively through authorized Independent Consultants and by shipping all of its products directly from Arbonne to customers.

16.     Arbonne Independent Consultants are required to execute the Arbonne Independent Consultant Application & Agreement ("Agreement") and to abide by the Arbonne Policies & Procedures and other rules (collectively, the "Arbonne Terms").  The Arbonne Terms impose

numerous quality control requirements and restrict the manner in which Arbonne products may be marketed, sold, and administered to consumers.

17.     To ensure that customers receive the genuine and high-quality products they expect from Arbonne, each product contains a lot code, which allows Arbonne to track, among other things, when and where the product was manufactured and packaged.  The lot code helps Arbonne identify and contain any quality problems that may arise.  When there are quality issues with a particular product, on a certain production date, or at a certain manufacturing facility, the lot code allows Arbonne to identify other products that may be affected by the quality problem. With this information, Arbonne is better able to recall those distributed products that may share the defect and to prevent further recurrence of the defect.  Because Arbonne has many topical skin, nutritional supplements, and similar products, it is critical for Arbonne to be able to take measures to track and control any defective products to protect customers and its goodwill.

18.     Arbonne also ensures that all of the products sold through its Independent Consultants adhere to strict storage, handling, and shipping policies, as Arbonne, itself, is responsible for all shipments to customers.

19.     Arbonne also provides customers who purchase Arbonne products through authorized chains of distribution with a money back or replacement guarantee (the "Client Satisfaction Guarantee") to ensure that users of Arbonne's products are completely satisfied.  Independent Consultants are required to provide all of their customers with an official Arbonne receipt, which sets forth the Client Satisfaction Guarantee.  Unless prohibited by law, the Client Satisfaction Guarantee does not apply to products purchased outside of authorized channels.

20.     The Arbonne Terms also require Independent Consultants to provide certain services to their customers.  For example, Independent Consultants are required to make courteous and prompt exchanges to their customers and assist customers who have ordered products directly from Arbonne.

21.     Arbonne also takes steps to prohibit the resale of its products by unauthorized sellers over the Internet to avoid the potential risks to customers' safety and health if the products are not sold through the proper channels.   The Arbonne Terms strictly prohibit the sale of Arbonne's products on the Internet, other than through Arbonne's website.   The Arbonne Terms also strictly prohibit the sale of Arbonne products on any third-party marketplace websites, such as Amazon or eBay.

**Arbonne Discovered Defendants' Unauthorized Sale of Arbonne Products On The Internet**

22.     Due to the health and safety risks and customer and reputational risks associated with the illegal sale of Arbonne products by unauthorized Internet sellers, Arbonne polices the sale of its products online.

23.     Through these efforts, Arbonne discovered that its products were being sold by Defendants on Amazon through the storefront "Danmomb," which subsequently changed to the storefront name "healthydaze" (hereinafter "healthydaze").

24.     On or about March 21, 2017, Arbonne purchased a product from "healthydaze" over the Amazon marketplace.  The product Arbonne received from "healthydaze" was shipped from an Arbonne warehouse through the account of an Independent Consultant.

25.     On or about March 30, 2017, Arbonne sent a cease and desist letter to the Independent Consultant at her home address.  The Independent Consultant then contacted Arbonne and explained that she did not sell Arbonne products on or through Amazon, but that she be-

lieved she had information related to a group of sellers who were purchasing products from her, at deeply discounted prices, in order to fulfill their Amazon orders.

26.     Based on information provided by the Independent Consultant, Arbonne identified Defendant Marciano as one of the individuals behind the Amazon storefront "healthydaze."

27.     Defendant Marciano is not an Independent Consultant and is not authorized to sell Arbonne products.

**Defendants Are Willfully Infringing on Arbonne's Trademarks**

28.     Defendants, without authorization from Arbonne, sold, and continue to sell, products bearing the Arbonne Registered Trademarks on Internet sites, including, but not limited to, Amazon.

29.     Arbonne sent Defendants a cease and desist letter on or about April 13, 2017, demanding that they stop selling Arbonne products and remove all Arbonne products from their Amazon storefront and all other unauthorized websites.  Defendants, however, continue to sell Arbonne products.

30.     The unauthorized products Defendants sell are materially different than genuine Arbonne products, as they are sold without Arbonne's quality controls, customer service benefits, and (unless prohibited by law) the Client Satisfaction Guarantee, which are essential elements of Arbonne products.

31.     As a result, Defendants have misled, and continue to mislead, consumers into believing they are purchasing genuine Arbonne products when, in fact, they are not.

32.     Consumers who purchase Arbonne products from Defendants are misled, confused, and deceived into believing they are buying genuine Arbonne products, but they are not receiving the benefit of Arbonne's established quality controls or customer service that accom-

pany genuine Arbonne products, or the Client Satisfaction Guarantee (to the extent permitted by law).

### Defendants Are Tortiously Interfering With Arbonne's Agreements With Its Independent Consultants

33.     Upon information and belief, Defendants have purchased Arbonne products from Arbonne Independent Consultants for purposes of reselling them on the Internet.

34.     Upon information and belief, Defendants knew that Arbonne's agreements with its Independent Consultants prohibit the sale of Arbonne products to third parties for purposes of resale.

35.     Upon information and belief, Defendants willfully and knowingly induced unknown Arbonne Independent Consultants to breach their agreements with Arbonne so that they could acquire Arbonne products and resell them.

### Arbonne Has Suffered Significant Harm

36.     Arbonne has suffered and will continue to suffer significant monetary harm as a result of Defendants' actions including, but not limited to, loss of sales, damage to its intellectual property, and damage to its existing and potential business relations.

37.     Arbonne has suffered, and will continue to suffer, irreparable harm as a result of Defendants' actions, including, but not limited to, irreparable harm to its reputation, goodwill, business and customer relationships, intellectual property rights and brand integrity.

38.     Arbonne is entitled to injunctive relief because, unless enjoined by this Court, Defendants will continue to unlawfully sell Arbonne products, causing continued irreparable harm to Arbonne's reputation, goodwill, relationships, intellectual property and brand integrity.

39.     Defendants' conduct was and is knowing, reckless, intentional, willful, malicious, wanton and contrary to law.

40.     Defendants' willful violations of the Arbonne Registered Trademarks and continued pattern of misconduct demonstrate intent to harm Arbonne.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. §§ 1114 and 1125(a)(1)(a)

41.     Arbonne re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42.     Arbonne is the owner of the Arbonne Registered Trademarks.

43.     Arbonne has registered the Arbonne Registered Trademarks with the United States Patent and Trademark Office.

44.     The Arbonne Registered Trademarks are valid and subsising trademarks in full force and effect.

45.     Defendants willfully and knowingly used, and continue to use, the Arbonne Registered Trademarks in commerce for the purpose of selling Arbonne products without the consent of Arbonne in violation of 15 U.S.C. §§ 1114 and 1125(a)(1)(a).

46.     Defendants' use of the Arbonne Registered Trademarks in connection with the unauthorized sale of products is likely to cause confusion, cause mistake, or deceive because it suggested that the products Defendants offer for sale are the same as the products legitimately bearing the Arbonne Registered Trademarks, and that the products originate from, or are sponsored, authorized, or otherwise connected with Arbonne.

47.     Defendants' use of the Arbonne Registered Trademarks in connection with the sale of Arbonne products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Arbonne products.

48.     The products sold by Defendants are not, in fact, genuine and authentic Arbonne products.  The products sold by Defendants are materially different because, among other reasons, they are not subject to the same quality control standards as genuine Arbonne products and do not come with Arbonne's customer service or the Client Satisfaction Guarantee to the extent permitted by law.

49.     Defendants' unauthorized use of the Arbonne Registered Trademarks has materially damaged the value of the Arbonne Registered Trademarks, caused significant damage to Arbonne's business relations, and infringed on Arbonne's Registered Trademarks.

50.     As a proximate result of Defendants' actions, Arbonne has suffered, and will continue to suffer, great damage, including to its business, good will, reputation, and profits in an amount to be proven at trial.

51.     Pursuant to 15 U.S.C. § 1116, Arbonne is entitled to injunctive relief enjoining Defendants' infringing conduct.

52.     Pursuant to 15 U.S.C. § 1117(a), Arbonne is entitled to an award of attorneys' fees.

## SECOND CAUSE OF ACTION
### False Advertising
### 15 U.S.C. § 1125(a)(1)(b)

53.     Arbonne re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

54.     Arbonne is the owner of the Arbonne Registered Trademarks.

55.     Arbonne has registered the Arbonne Registered Trademarks with the United States Patent and Trademark Office.

56.     The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

57.     Defendants willfully and knowingly used, and continue to use, the Arbonne Registered Trademarks in interstate commerce for purposes of advertising, promoting, and selling Arbonne products without the consent of Arbonne in violation of 15 U.S.C. § 1125(a)(1)(b).

58.     Defendants' advertisements and promotions of their products unlawfully using the Arbonne Registered Trademarks have been disseminated to the relevant purchasing public.

59.     Defendants' use of the Arbonne Registered Trademarks in connection with the unauthorized advertising, promotion, and sale of products misrepresents the nature, characteristics, qualities, and origin of the products.

60.     Defendants' use of the Arbonne Registered Trademarks in connection with the unauthorized advertising, promotion, and sale of products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic products, and originate from, or are sponsored, authorized, or otherwise connected with Arbonne.

61.     Defendants' unauthorized use of the Arbonne Registered Trademarks, in advertising and otherwise, infringes on the Arbonne Registered Trademarks.

62.     As a proximate result of Defendants' actions, Arbonne has suffered, and will continue to suffer, great damage, including to its business, good will, reputation, and profits in an amount to be proven at trial.

63.     Pursuant to 15 U.S.C. § 1116, Arbonne is entitled to injunctive relief enjoining Defendants' infringing conduct.

64.     Pursuant to 15 U.S.C. § 1117(a), Arbonne is entitled to an award of attorneys' fees.

### THIRD CAUSE OF ACTION
**Unfair Competition**
**15 U.S.C. § 1125(a)**

65.     Arbonne re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66.     Arbonne is the owner of the Arbonne Registered Trademarks.

67.     Arbonne has registered the Arbonne Registered Trademarks with the United States Patent and Trademark Office.

68.     The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

69.     Defendants have willfully and knowingly used the Arbonne Registered Trademarks in commerce for the purposes of selling Arbonne products without the consent of Arbonne in violation of 15 U.S.C. § 1125(a).

70.     Defendants' use of the Arbonne Registered Trademarks in connection with the unauthorized advertising, promotion, and sale of products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic products, and originate from, or are sponsored, authorized, or otherwise connected with Arbonne.

71.     Defendants' unauthorized sale of products bearing Arbonne Registered Trademarks, and unauthorized use of Arbonne Registered Trademarks in advertising, materially damages the value of the Arbonne Registered Trademarks and causes significant damages to Arbonne's business relations.

72.     Defendants' unauthorized sale of products bearing Arbonne Registered Trademarks and unauthorized use of Arbonne Registered Trademarks in advertising infringes on the Arbonne Registered Trademarks.

73.     As a proximate result of Defendants' actions, Arbonne has suffered, and will continue to suffer, great damage, including to its business, good will, reputation, and profits in an amount to be proven at trial.

74.     Pursuant to 15 U.S.C. § 1116, Arbonne is entitled to injunctive relief enjoining Defendants' infringing conduct.

75.     Pursuant to 15 U.S.C. § 1117(a), Arbonne is entitled to an award of attorneys' fees.

### FOURTH CAUSE OF ACTION
**Trademark Dilution**
**15 U.S.C. § 1125(c)**

76.     Arbonne re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

77.     Arbonne is the owner of the Arbonne Registered Trademarks.

78.     Arbonne has registered the Arbonne Registered Trademarks with the United States Patent and Trademark Office.

79.     The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

80.     The Arbonne Registered Trademarks are distinctive and widely recognized by the consuming public.

81.     Arbonne is widely recognized as the designated source of goods bearing the Arbonne Registered Trademarks.

82.     Defendants' willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of their products dilutes the Arbonne Registered Trademarks in violation of 15 U.S.C. § 1125(c) because the products Defendants sell are not, in fact, genuine and authentic Arbonne products.

83.     As a proximate result of Defendants' actions, the reputation and goodwill associated with the Arbonne Registered Trademarks has been, and continues to be, harmed, and Arbonne has suffered, and continues to suffer, immediate and irreparable injury.

84.     Further, Arbonne has suffered, and continues to suffer, damages, including to its business, good will, reputation, and profits in an amount to be proven at trial.

85.     Pursuant to 15 U.S.C. § 1116, Arbonne is entitled to injunctive relief enjoining Defendants' infringing conduct.

86.     Pursuant to 15 U.S.C. § 1117(a), Arbonne is entitled to an award of attorneys' fees.

## FIFTH CAUSE OF ACTION
### New York State Common Law Trademark Infringement

87.     Arbonne re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

88.     Arbonne is the owner of the Arbonne Registered Trademarks.

89.     Arbonne has registered the Arbonne Registered Trademarks with the United States Patent and Trademark Office.

90.     The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

91.     The Arbonne Registered Trademarks are distinctive and widely recognized marks by the consuming public.  Arbonne products are sold and purchased through its Independent Consultants throughout the United States, including New York.

92.     Arbonne is widely recognized as the designated source of goods bearing the Arbonne Registered Trademarks.

93.     Defendants willfully and knowingly used, and continue to use, the Arbonne Registered Trademarks in interstate commerce for purposes of selling Arbonne products on the Internet without the consent of Arbonne.

94.      Defendants' knowing and willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of their products without Arbonne's consent is likely to cause confusion, mistake, or deceive because it suggests that the products Defendants offer for sale are the same as the products legitimately bearing the Arbonne Registered Trademarks, and that the products originate from, or are sponsored, authorized, approved or otherwise connected with Arbonne.

95.     Defendants' knowing and willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of their products without Arbonne's consent is likely to cause confusion, mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Arbonne products when, in fact, they are not.

96.     Defendants' unlawful actions and unauthorized use of the Arbonne Trademarks has materially damaged the value of the Arbonne Registered Trademarks, caused significant damage to Arbonne's business relations, and infringed on Arbonne's Registered Trademarks.

97.     As a proximate result of Defendants' actions, Arbonne has suffered, and will continue to suffer, immediate and irreparable harm, as well as great damage, including to its business, good will, reputation, and profits in an amount to be proven at trial.

98.     Arbonne is also entitled to punitive damages because Defendants have acted with such a conscious and deliberate disregard of the interests of others that their conduct may be called willful or wanton.

### SIXTH CAUSE OF ACTION
**New York State Trademark Infringement – Defendants**
**NY Art & Cult. Aff. L. § 33.09**

99.     Arbonne re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

100.    Arbonne is the owner of the Arbonne Registered Trademarks.

101.    Arbonne has registered the Arbonne Registered Trademarks with the United States Patent and Trademark Office.

102.    The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

103.    Defendants have willfully and knowingly used, and continue to use, the Arbonne Registered Trademarks in commerce for the purpose of advertising, promoting, and selling Arbonne products without the consent of Arbonne in violation of N.Y. Art & Cult. Aff. L. § 33.09.

104.    Defendants' use of the Arbonne Registered Trademarks in connection with the unauthorized sale of products is likely to cause confusion, cause mistake, or deceive because it suggested that the products Defendants offer for sale are the same as the products legitimately bearing the Arbonne Registered Trademarks, and that the products originate from, or are sponsored, authorized, or otherwise connected with Arbonne.

105.    Defendants' use of the Arbonne Registered Trademarks in connection with the sale of Arbonne products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Arbonne products when, in fact, they are not.

106.    Defendants' unauthorized use of the Arbonne Registered Trademarks has materially damaged the value of the Arbonne Registered Trademarks, caused significant damage to Arbonne's business relations, and infringed on Arbonne's Registered Trademarks.

107.    As a proximate result of Defendants' actions, Arbonne has suffered, and will continue to suffer, immediate and irreparable harm, as well as great damage, including to its business, good will, reputation, and profits in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### Unfair and Deceptive Business Practices - Defendants
### NY Gen. Bus. L. § 349

108.    Arbonne re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

109.    This claim arises under the laws of the State of New York.

110.    Defendants have engaged and are engaging in consumer-oriented conduct which is deceptive or misleading in a material way, constituting unfair and deceptive business practices in violation of § 349 of the NY General Business Law.

111.    Defendants' knowing and willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of their products without Arbonne's consent is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendants offer for sale are sponsored, authorized, or otherwise connected with Arbonne when they are not.

112.     Defendants' knowing and willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of their products without Arbonne's consent is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendants offer for sale are genuine and authentic products when, in fact, they are not.

113.     Defendants' conduct is likely to mislead a sensible consumer acting reasonably under the circumstances.

114.     Defendants' conduct has resulted or is likely to result in consumer injury or harm to the public interest.

115.     In addition, Defendants' unfair and deceptive business practices has caused Arbonne to suffer, and continue to suffer, substantial injury, including loss of sales and damage to its existing and potential business relations.

## EIGHTH CAUSE OF ACTION
### Tortious Interference With Business Relations and Contracts

116.     Arbonne re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

117.     Arbonne has contractual and business relationships with its Independent Consultants, who sell Arbonne products.

118.     The Arbonne Agreement and Arbonne Terms prohibit Independent Consultants from, among other things, selling products to third parties, such as Defendants, for purposes of resale.

119.     Defendants willfully, intentionally, and knowingly interfered with the Arbonne Agreement and Arbonne Terms by acquiring Arbonne products from Independent Consultants and reselling them on the Internet in violation of the Arbonne Agreement and Arbonne Terms.

120.     Defendants knew Arbonne had agreements and business relationships with these Independent Consultants and that the Arbonne Agreement and Arbonne Terms prohibit Independent Consultants from selling products to third parties who intended to resell them on the Internet.

121.     Defendants' actions were intended to, and did, disrupt Arbonne's contractual and business relationships with its Independent Consultants.

122.     Defendants acted with a wrongful purpose by inducing Independent Consultants to sell them Arbonne products for the purpose reselling those products on the Internet.

123.     Defendants had no legal right, privilege, or justification for their conduct.

124.     Defendants' actions caused injury to Arbonne for which Arbonne is entitled to damages.

125.     Arbonne is also entitled to punitive damages because Defendants have acted with such a conscious and deliberate disregard of the interests of others that their conduct may be called willful or wanton.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Arbonne prays for relief and judgment as follows:

A.     Judgment in favor of Arbonne and against Defendants in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.     A preliminary and permanent injunction enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns,

any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

i)     Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Arbonne products;

ii)     Prohibiting the Enjoined Parties from using any of the Arbonne Registered Trademarks in any manner, including advertising on the Internet;

iii)     Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Arbonne products as well as any products bearing any of the Arbonne Registered Trademarks;

iv)     Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Arbonne Registered Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

v)     Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of Arbonne's products, or any of the Arbonne Registered Trademarks;

vi)     Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the Arbonne Registered Trademarks which associate Arbonne's products or the Arbonne Registered Trademarks with the Enjoined Parties or the Enjoined Parties' website;

vii)     Requiring the Enjoined Parties to take all action to remove unauthorized Arbonne Registered Trademarks from the Internet, including from the website www.amazon.com; and

C.     An award of attorneys' fees, costs, and expenses.

D.     Such other and further relief as the Court deems just, equitable and proper.

Dated: New York, New York
      October 2, 2017

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**


By: _____ s/ Peter C. Neger _____
         Peter C. Neger
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000
Fax: 212.309-6001
peter.neger@morganlewis.com

Adam C. Sherman, Esq.*
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
Tel: 513.723.4680
Fax: 513.852.8468
acsherman@vorys.com

Tyler B. Pensyl, Esq.**
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: 614.464.6334
Fax: 614.719.5072
tbpensyl@vorys.com


* Not admitted to practice in this Court

** Not admitted to practice in New York

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Arbonne demands a trial by jury on all issues so triable.

MORGAN, LEWIS & BOCKIUS LLP


By: _____s/ Peter C. Neger_____
       Peter C. Neger
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000
Fax: 212.309-6001
peter.neger@morganlewis.com


Adam C. Sherman, Esq.*
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
Tel: 513.723.4680
Fax: 513.852.8468
acsherman@vorys.com

Tyler B. Pensyl, Esq.**
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: 614.464.6334
Fax: 614.719.5072
tbpensyl@vorys.com


* Not admitted to practice in this Court

** Not admitted to practice in New York

DB1/ 93809102.2

22